# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| **RWH CAPITAL, L.L.C.,** | |
| **Plaintiff,** | **8:26CV134** |
| **vs.** | **ORDER TO SHOW CAUSE** |
| **JOSHUA LIPPIAT, BRANT C. DESHOTELS, COREY N. DESHOTELS, and KNOVAL, L.L.C.,** | |
| **Defendants.** | |

This matter comes before the Court *sua sponte* after review of the pleadings. The Court has an independent obligation to determine whether subject matter jurisdiction exists in each case. See *Sac & Fox Tribe of the Mississippi in Iowa, Election Bd. v. Bureau of Indian Affs.*, 439 F.3d 832, 836 (8th Cir. 2006). "It is a fundamental precept that federal courts are courts of limited jurisdiction. The limits upon federal jurisdiction, whether imposed by the Constitution or by Congress, must be neither disregarded nor evaded." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978).

On April 2, 2026, Plaintiff, RWH Capital, L.L.C, filed this suit against Defendants, Joshua Lippiat, Brant C. Deshotels, Corey N. Deshotels, and Knoval, L.L.C., invoking this Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Filing No. 1). Diversity jurisdiction is limited to cases in which the "controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]" See 28 U.S.C. § 1332(a). According to the Complaint, RWH Capital alleges it "is a Delaware limited liability company with its principal place of business located in Waterloo, Douglas County, Nebraska." RWH Capital alleges the individually named defendants are "residents" of Georgia, Florida, and Louisiana, and are members of the Defendant, Knoval, L.L.C.

After review, the Court finds RWH Capital's Complaint does not satisfy the pleading requirements necessary to invoke this Court's diversity jurisdiction under 28 U.S.C. § 1332(a) because it does not properly allege the citizenship of the parties. First, RWH Capital's allegation of its citizenship is insufficient. Although a corporation is deemed a citizen of every state in which

it is incorporated and the state in which it has its principal place of business, 28 U.S.C. § 1332(c)(1), for purposes of diversity jurisdiction, a limited liability company's citizenship is that of its members. *E3 Biofuels, LLC v. Biothane, LLC*, 781 F.3d 972, 975 (8th Cir. 2015). "When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members—and thus may itself have multiple citizenships—the federal court needs to know the citizenship of each 'sub-member' as well." *Delay v. Rosenthal Collins Grp., LLC*, 585 F.3d 1003, 1005 (6th Cir. 2009); see also *Haas as Tr. of Bira Rabushka Living Tr. v. Rabushka*, No. 4:23-CV-1304 RLW, 2023 WL 6879663, at *1 (E.D. Mo. Oct. 18, 2023) ("[F]or LLCs, the Court must examine the citizenship of each member of the LLC to determine whether it has diversity jurisdiction."). "For any members of LLCs that are themselves LLCs, partnerships, or limited partnerships, information concerning their underlying members or partners must be alleged in accordance with the rules applicable to each such type of entity, through however many layers of ownership there may be," until either individuals or corporations are identified as the owner(s). *OHM Hotel Grp., LLC v. Dewberry Consultants, LLC*, No. 4:15-CV-1541 CAS, 2015 WL 5920663, at *1 (E.D. Mo. Oct. 9, 2015).

Here, RWH Capital only alleges it "is a Delaware limited liability company with its principal place of business located in Waterloo, Douglas County, Nebraska," but does not identify the members of RWH Capital, L.L.C, or those members' citizenship(s). As such, Plaintiff must file an amended complaint properly alleging the citizenship of each of RWH Capital, L.L.C's members through however many layers of ownership there may be.

Additionally, RWH Capital also only alleges the individual defendants are "residents" of Georgia, Florida, and Louisiana, but does not affirmatively allege their citizenship. For individual parties, it is well established that an allegation of residence is not the equivalent of an allegation of citizenship and is insufficient to satisfy the pleading requirements for federal diversity jurisdiction under 28 U.S.C. § 1332(a)(1). See *Hargett v. RevClaims, LLC*, 854 F.3d 962, 964 (8th Cir. 2017) ("We have long held that 'resident' does not mean 'citizen' in 28 U.S.C. § 1332(a)."); see also *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (allegation that the plaintiff was an Arkansas "resident" was inadequate to establish diversity because "resident" and

"citizen" have "overlapping but distinct meanings"). As such, Plaintiff must file an amended complaint affirmatively alleging the individual defendants' citizenship.[1]

"Defective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." 28 U.S.C. § 1653 (2012). Under the circumstances, the Court will grant RWH Capital an opportunity to file an amended complaint that rectifies the deficiencies noted above. If it fails to do so, the action may be dismissed for lack of subject matter jurisdiction without further notice. Accordingly,

**IT IS ORDERED:** Plaintiff shall filed an amended complaint to properly allege subject matter jurisdiction on or before **April 30, 2026**. Failure to do so may result in dismissal of this action without further notice.

Dated this 3rd day of April, 2026.

BY THE COURT:

s/ Michael D. Nelson
United States Magistrate Judge

---

[1] The Complaint also notes that the individual defendants are all members of Defendant Knoval, L. L.C., but does not affirmatively allege the citizenship of Knoval, L.L.C. If there are additional members of Knoval, L.L.C. beyond the three individually named defendants, those individuals' citizenships must also be identified and pled.

3